# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:94-cr-00109 |
| LEROY LINDSAY, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LEROY LINDSAY, | ) | |
| Petitioner, | ) | 3:07-cv-00455 |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

THE MATTER is before the Court on Defendant's *pro se* Motion to Vacate Forfeiture Order Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (Doc. No. 180 in case number 3:94-cr-00109). Also before the Court is Defendant's "Memorandum of Law Pursuant to Rule 52(b) of the Rules of Criminal Procedure" (Doc. No. 179 in case number 3:94-cr-00109 and Doc. No. 1 in case number 3:07-cv-00455).

Initially, the Court notes that the contents of the "Memorandum" present issues that are more appropriate for an appeal to the Court of Appeals for the Fourth Circuit and not arguments to make directly to this Court without an accompanying motion. Even if the Court were to treat the "Memorandum" as a motion, Rule 52 of the Federal Rules of Criminal Procedure (which appears

to be Defendant's stated reason for review) explains the concept of plain error, but provides no basis for making a motion pursuant to that rule. At best, the Memorandum concerns the correction of the sentence imposed on him and is more appropriately construed as a petition made pursuant to 28 U.S.C. § 2255. The Clerk's office has therefore reassigned the memorandum as a petition accordingly. The petition, however, falls outside the time limitations set forth in § 2255 and is therefore time barred. As such, it is DISMISSED.

Turning next to the "Motion to Vacate Forfeiture," Defendant has failed to present any set of facts to support a motion of this sort. Defendant's bare assertion that the forfeiture took place without proper or constructive notice is insufficient in light of the record before the Court. Moreover, Defendant has relinquished his right to challenge any forfeiture in this matter. In his Plea Agreement (which he does not contest), Defendant specifically agreed to "forfeit and otherwise waive any ownership right he might possess in all items seized during the investigation of the acts alleged in the Bill of Indictment. The Court has jurisdiction over the disposition of such evidence and may order the investigative agency to dispose of the evidence in such manner asp rovided by the agency's regulations. . . ." (Doc. No. 79, ¶ 17). Accordingly, this motion is DENIED.

IT IS, THEREFORE, ORDERED that Motion to Vacate Forfeiture Order Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (Doc. No. 180 in case number 3:94-cr-00109) is DENIED. Defendant's "Memorandum of Law Pursuant to Rule 52(b) of the Rules of Criminal Procedure" (Doc. No. 179 in case number 3:94-cr-00109 and Doc. No. 1 in case number 3:07-cv-00455) is DISMISSED, and the Clerk is DIRECTED to CLOSE the civil case 3:07-cv-00455.

IT IS SO ORDERED.     Signed: November 26, 2007

Frank D. Whitney
United States District Judge